UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 3:10–CR–29 |
| OSCAR GARZA MONTALVO, | Civil Action No. 11–CV–188 |
| Defendant/Petitioner. | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner Oscar Garza Montalvo's

Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 17)

and the Government's request that the Court dismiss that petition (ECF No. 19). This Court

sentenced the Petitioner to 42 months imprisonment following his plea of guilty to one

count of illegal reentry. The Petitioner now alleges that his trial counsel was ineffective

because counsel failed to note an appeal of his sentence as he requested. For the reasons

stated below, the Court DENIES the Government's motion to dismiss and GRANTS the

Petitioner an evidentiary hearing on the issue of whether he instructed his attorney to

appeal his sentence.

**I.  BACKGROUND**

On February 2, 2010, a federal grand jury returned an indictment against Petitioner

Oscar Garza Montalvo charging him with illegal reentry into the United States after a prior

removal and after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and

(b)(2). On March 29, 2010, the Defendant entered a guilty plea to the one-count indictment

and signed a statement of facts. He did not waive his right to appeal. The Petitioner's

1

calculated sentencing guidelines range was 57 to 71 months. He did not object to this

calculation. On July 1, 2010, the Court sentenced the Petitioner to 42 months

imprisonment.

On March 24, 2011, the Petitioner filed the instant § 2255 petition alleging that his

trial counsel was ineffective because he failed to file a notice of appeal of the sentence as

requested. He requests an evidentiary hearing, resentencing, and a direct appeal. The

Government asks the Court to dismiss the petition.

## II. <u>STANDARD OF REVIEW</u>

Title 28 of the United States Code, § 2255, provides a prisoner sentenced by a

federal court with a procedural vehicle to challenge the constitutional and jurisdictional

validity of his sentence. Under that statute, a prisoner in federal custody may attack his

sentence on the grounds that: (1) the sentence violates the Constitution or the laws of the

United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence

exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to

collateral attack. 28 U.S.C. § 2255(a). To prevail under § 2255, the movant must show by a

preponderance of the evidence that he is entitled to relief. *Miller v. United States*, 261 F.2d

546, 547 (4th Cir. 1958).

The Sixth Amendment establishes that a person charged with a crime is entitled to

effective representation, *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984), at every

"critical stage" of the proceedings against him. *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). In

considering a defendant's claim that his Sixth Amendment rights were violated due to

ineffective assistance of counsel, "[a] court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance."

*Strickland*, 466 U.S. at 689; *see United States v. Dyess*, 478 F.3d 224, 238 (4th Cir. 2007)

(stating that attorneys are presumed to have "rendered objectively effective

performance").

A petitioner who alleges ineffective assistance of counsel as grounds for his § 2255

petition must prove that (1) his counsel's performance was deficient and (2) his counsel's

deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. To satisfy the first

prong of the test, the petitioner "'must show that counsel's representation fell below an

objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis*

*v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). To

satisfy the prejudice requirement, the petitioner must show that counsel's errors were

serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In other

words, the petitioner must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of that proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id*. at 694. A court may inquire into either prong of the *Strickland* test first. If it is clear that

a defendant has not satisfied one prong, a court need not inquire into whether he has

satisfied the other. *Id.* at 697.

A petitioner who alleges ineffective assistance of counsel following entry of a guilty

plea must meet a higher burden. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Fields v.*

*Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). When a petitioner challenges a

conviction after a guilty plea, the "prejudice prong of the [*Strickland*] test is slightly

modified. Such a defendant must show that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d

471, 475 (4th Cir. 1988) (internal quotation marks and citation omitted).

### III. ANALYSIS

The Petitioner contends that trial counsel rendered ineffective assistance when he

failed to file a notice of appeal on the Petitioner's behalf. The Petitioner maintains that he

requested that his attorney file a notice of appeal immediately after he received a sentence

he believed was too severe. The Government submitted an affidavit from Mark K. Tyndall,

trial counsel for the Petitioner, who stated that to his recollection, the Petitioner never

requested that he note an appeal. The Government argues that the Court should deny the

petition because the Petitioner offers no details on his alleged request that his trial counsel

file a notice of appeal, such as what merited review, how the Court may have erred, or what

subsequent conversations he may have had with his attorney after allegedly making the

request.

"[C]ounsel has a constitutionally-imposed duty to consult with the defendant about

an appeal when there is reason to think either (1) that a rational defendant would want to

appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

particular defendant reasonably demonstrated to counsel that he was interested in

appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Importantly, "[a] lawyer who

disregards specific instructions from the defendant to file a notice of appeal acts in a

manner that is professionally unreasonable." *Id.* at 477. An attorney "has the duty to

respect the appellate wishes of his client by filing a timely notice of appeal if he is

unequivocally instructed to do so." *Poindexter*, 492 F.3d at 271 (citing *Flores-Ortega*, 528

4

U.S. at 476). Furthermore, "even if his client does not express (or clearly express) a desire to appeal, the attorney may be required to file a timely notice of appeal after appropriate consultation with [the] client." *Id.* (citing *Flores-Ortega*, 528 U.S. at 478).

Given this standard, it appears that the Petitioner may have a valid claim for ineffective assistance based upon counsel's failure to file a notice of appeal. Counsel "renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal." *Id.* at 265. The Petitioner asserts he informed his attorney of his desire to appeal immediately after sentencing. Counsel, on the other hand, does not recollect the Petitioner requesting that he file a notice of appeal. The Court notes that counsel never states that he consulted with the Petitioner regarding a potential appeal. *See* Tyndall Aff., ECF No. 19-1.

The record before the Court does not definitively indicate whether the Petitioner requested that counsel file a notice of appeal. Accordingly, the Court will hold an evidentiary hearing to resolve the issue. If the Court decides that the evidentiary hearing reveals that the Petitioner *did* request that counsel file an appeal, the Petitioner is entitled to a direct appeal. *Poindexter*, 492 F.3d at 273. Because the Court is unable to resolve this factual dispute without an evidentiary hearing, the Court directs the parties to appear at an evidentiary hearing on the issue of whether the Petitioner instructed his attorney to appeal his sentence.

//

//

//

//

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court DENIES the Government's motion to dismiss and GRANTS the Petitioner an evidentiary hearing on the issue of whether he instructed his attorney to appeal his sentence.

Let the Clerk send a copy of this Memorandum Opinion to the Petitioner and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this   30th   day of August 2011.